IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


D. F., by L.M.P.,

    Plaintiff,

v.                                      CASE NO. 4:13cv3-RH/CAS

LEON COUNTY SCHOOL BOARD,

    Defendant.

_____/


**ORDER DENYING THE MOTION TO DISMISS**

    The plaintiff was a middle-school student when he filed this lawsuit through his mother. The plaintiff alleges that he has a hearing impairment, that the defendant Leon County School Board failed to provide services as required by the Rehabilitation Act of 1973 and the Americans with Disabilities Act ("ADA"), and that the School Board retaliated against him for withdrawing his consent to services under the Individuals with Disabilities Education Act ("IDEA"). The School Board has moved to dismiss, asserting, among other things, that the withdrawal of consent under the IDEA waived any right under the Rehabilitation Act and ADA. This order denies the motion to dismiss.

I

A district court should grant a motion to dismiss unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a motion to dismiss, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

II

The IDEA entitles a student with a disability to a free appropriate public education ("FAPE"). To accomplish this, the IDEA requires the development of an individual education plan ("IEP") " 'during a meeting between the student's parents and school officials.' " *M.M. ex rel. C.M. v. Sch. Bd. of Miami-Dade Cnty., Fla.*, 437 F.3d 1085, 1095 (11th Cir. 2006) (per curiam) (citing *Loren F. ex rel. Fisher v. Atl. Indep. Sch. Sys.*, 349 F.3d 1309, 1312 (11th Cir. 2003)). The IEP must include a number of statements about the child's level of academic achievement, measurable academic goals, how school officials will measure the child's progress, and what special education and related services or supplementary aids and services will be provided to the child. *See* 34 C.F.R. § 300.320.

The School Board provided services to the plaintiff for several years under an IEP that the plaintiff does not challenge. When the plaintiff entered middle

school, the School Board convened a meeting to develop a new IEP but did not give notice of the meeting to the plaintiff's grandmother. The plaintiff's mother, who herself has a disability, had designated the grandmother as the plaintiff's representative in the IDEA process. A new IEP was adopted without input from a parent or the grandmother.

The new IEP called for the plaintiff to attend a special one-hour class each day for students with disabilities. The plaintiff's mother did not wish for the plaintiff to attend such a class—apparently viewing the class as unnecessary and indeed detrimental—and so withdrew her consent. But the plaintiff's mother simultaneously requested services under the Rehabilitation Act, including, for example, technology that would assist the plaintiff in hearing in the classroom. The School Board refused to provide the requested services.

III

The School Board asserts that the complaint fails to state a claim on which relief can be granted because it does not allege that the School Board denied the requested services based "solely" on the plaintiff's disability. The contention fails for two reasons. First, the sufficiency of a complaint turns not on magic words but on substance. Second, in order for a plaintiff to recover under the Rehabilitation Act or ADA based on the denial of services, a plaintiff's disability must be a "but for" cause of the denial of services, but the disability need not be the "sole" cause.

Thus, for example, a school district that explicitly refuses to provide services to hearing-impaired individuals who are more than five feet tall does not deny services "solely" because of disability; being five feet tall is not a disability. But the denial of services may nonetheless violate the Rehabilitation Act or ADA so long as the hearing impairment is a "but for" cause of the denial of services.

IV

Absent the allegation that the plaintiff's mother withdrew her consent to services under the IDEA, the complaint's allegations would plainly be sufficient to state a claim on which relief can be granted. The School Board's motion to dismiss thus turns on the proposition that the withdrawal of IDEA consent waives any right a student otherwise would have under the Rehabilitation Act and ADA. The School Board bases the motion on failure to state a claim on which relief can be granted, not failure to exhaust remedies.

The answer is this. Even assuming that the withdrawal of IDEA consent waived the plaintiff's corresponding rights under the Rehabilitation Act and ADA, the waiver was not as extensive as the School Board now claims. The plaintiff alleges that when his mother withdrew her consent to the services offered by the School Board under the IDEA, she simultaneously requested the services now at issue. A waiver is an intentional relinquishment of a known right. An explicit request for services can hardly constitute a waiver of those services. And while a

person can forfeit a right without knowingly waiving it, there is no basis for asserting that by withdrawing consent to offered IDEA services, the plaintiff forfeited the right to different services that allegedly were available under a different federal statute. At least on the allegations of the complaint, the plaintiff has asserted all along the right to the services now at issue.

This conclusion accords with the IDEA and its implementing rules. For a child to receive services under the IDEA, the school district—labeled the "public agency" in the statute and rules—must have parental consent for the child's initial evaluation, for any reevaluation, and for the receipt of services. *See* 34 C.F.R. § 300.300. The rule explicitly addresses a parent's withdrawal of consent:

> (4) If, at any time subsequent to the initial provision of special education and related services, the parent of a child revokes consent in writing for the continued provision of special education and related services, the public agency—
>
> (i) May not provide special education and related services to the child . . . [and]
>
>  . . . .
>
> (iii) Will not be considered to be in violation of the requirement to make FAPE available to the child because of the failure to provide the child with further special education and related services . . . .

*Id.* § 300.300(b)(4).

So under § 300.300(b)(4), the withdrawal of consent absolves the public agency from any obligation to provide "special education and related services" and

from any claim for failing to provide a free appropriate public education. But the same rule goes on to establish an explicit limit on this principle: the public agency "may not use a parent's refusal to consent to one service or activity under . . . this section to deny the parent or child any other service, benefit, or activity of the public agency, except as required by this part." *Id.* § 300.300(d)(3).

This limitation on the scope of any waiver accords with the IDEA itself:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the [IDEA administrative remedies] shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(*l*). As one district court put it, "parental revocation of consent for special education and related services under the IDEA does not eliminate the broader protection of Section 504 and the ADA". *Kimble v. Douglas Cnty. Sch. Dist. RE-1*, 925 F. Supp. 2d 1176, 1184 (D. Colo. Feb. 25, 2013). This is so because a "student's right to be free from discrimination under those statutes exists without regard to her eligibility, or her parents' consent for, services under the IDEA." *Id.* at 1184.

The import is clear: a parent's refusal to consent to a more-comprehensive plan that includes a one-hour class for students with disabilities does not

necessarily authorize a school district to refuse to provide technology to help a student hear in other classes. The school district cannot be required to provide the technology based solely on the statutory requirement to provide a free appropriate public education—under the IDEA and perhaps even under the Rehabilitation Act—but the school district *can* be required to provide the technology based on another provision of law, including, if applicable, the Rehabilitation Act or ADA.

So this plaintiff's complaint states a claim on which relief can be granted. And that is so regardless of which side is right on a different issue: whether a parent's withdrawal of consent to an IEP developed under the IDEA also terminates the right to a free appropriate public education ("FAPE") under the Rehabilitation Act. *Compare Kimble*, 925 F. Supp. 2d at 1184 (holding that the right to an FAPE under the Rehabilitation Act survives the rejection of an IEP under the IDEA), *with Letter to McKethan*, 25 IDELR 295, at 1 (O.C.R. Dec. 31, 1996) (opining the contrary in a nonbinding guidance letter) (included in this record at ECF No. 8-4), *and Lamkin v. Lone Jack C-6 Sch. Dist.*, No. 11-CV-1072-DW-W, 58 IDELR 197 (W.D. Mo. Mar. 1, 2012) (dismissing a claim for failing to exhaust administrative remedies and alternatively holding—in reliance on *Letter to McKethan*—that the right to an FAPE under the Rehabilitation Act does not survive the rejection of an IEP under the IDEA).

IV

The IDEA does not include an explicit antiretaliation provision. But the Eleventh Circuit has recognized an implied right to recover for retaliation. *See M.T.V. v. DeKalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1158-59 (11th Cir. 2006). The plaintiff has adequately alleged that he suffered retaliation for his mother's withdrawal of consent to the IEP.

V

The allegations of the complaint do not establish that the plaintiff waived or forfeited the rights he now asserts. To the contrary, the complaint states a claim on which relief can be granted. Accordingly,

IT IS ORDERED:

The motion to dismiss, ECF No. 8, is DENIED.

SO ORDERED on January 2, 2014.

                                            s/Robert L. Hinkle
                                            United States District Judge