IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

D.F., by L.M.P.,                                )
                                                )
                    Plaintiff,                  )
                                                )
v.                                              )          Case No. 4:13-cv-00003-RH-CAS
                                                )
LEON COUNTY SCHOOL BOARD,                       )
                                                )
                                                )
                    Defendant.                  )
_____               )

## ANSWER

Defendant Leon County School Board ("School Board"), by and through its undersigned counsel, answers the like numbered paragraphs of the Plaintiff's Complaint as follows:

PRELIMINARY STATEMENT

Admitted that the Complaint seeks, among other things, relief from a ruling against the Plaintiff in an administrative due process hearing conducted by the Florida Division of Administrative Hearings ("DOAH") pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA").  Admitted that the Complaint purports to allege claims under Section 504 of the Rehabilitation Act of 1973, 28 U.S.C. § 794 ("Section 504"), and the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. ("ADA").  Admitted that the Plaintiff has some level of hearing deficit.  Denied that the Plaintiff has, at any time, been denied a necessary service or accommodation required by law.  All other allegations are denied.

PARTIES, JURISDICTION AND VENUE

1.     Admitted, for purposes of venue, that D.F. ("Student"), at all times pertinent to this case resided in Leon County, Florida.  All other allegations are denied.

2.     Admitted for purposes of venue.  Otherwise, without knowledge and therefore

denied.

3.     Admitted.

4.     The allegations of paragraph 4 state a legal conclusion for which no response is appropriate.  All other allegations are denied.

5.     Admitted that LCSB is a recipient of certain federal funds under certain federal grant programs.  All other allegations are denied.

6.     The allegations of paragraph 6 state a legal conclusion for which no response is appropriate.  All other allegations are denied.

7.     Admitted for jurisdictional purposes.  All other allegations are denied.

8.     Admitted for purposes of venue.  All other allegations are denied.

9.     Admitted that Plaintiff's Section 504 and ADA claims raised in DOAH Case No. 12-2830E were dismissed prior to hearing for lack of jurisdiction.  Admitted that the Plaintiff's IDEA claims raised in DOAH Case No. 12-2830E were dismissed on the merits prior to hearing.  Denied that the Plaintiff raised all of the claims in DOAH Case No. 12-2830E that he now raises in this action.  All other allegations are denied.

10.    Denied.

FACTS

11.    Admitted that the Plaintiff attended Kindergarten in the Leon County School system during the 2004-2005 academic year.  Otherwise, the School Board is unsure of the documents Plaintiff is attempting to summarize in this paragraph and therefore is without knowledge as to the validity of, and for that reason denies, the remaining allegations of paragraph 11.

12.    Denied that paragraph 12 accurately summarizes the contents of Plaintiff's "Pupil

Progress Report Card" provided at the conclusion of the 2004-2005 academic year.  Moreover, the document itself will provide the best evidence of its contents.  Otherwise, without knowledge and therefore denied.

13.     Denied that paragraph 13 accurately summarizes the contents of the documents cited therein.  Moreover, the documents themselves will provide the best evidence of their contents.  Accordingly, the allegations of paragraph 13 are denied.

14.     Denied.

15.     The School Board is unsure of the document Plaintiff is attempting to summarize in paragraph 15 and therefore is without knowledge as to the validity of, and for that reason denies, the allegations of paragraph 15.

16.     Without knowledge and therefore denied.

17.     Admitted that School Board staff did not personally evaluate Student for a hearing impairment.  The School Board avers that it referred Student for hearing evaluation to be performed by a third party.  All other allegations are denied.

18.     Denied that paragraph 18 accurately summarizes the contents of the documents cited therein.  Moreover, the documents themselves will provide the best evidence of their contents.  Accordingly, the allegations of paragraph 18 are denied.

19.     Denied.

20.     The School Board is unsure of the document Plaintiff is attempting to summarize in paragraph 20 and therefore is without knowledge as to the validity of, and for that reason denies, the allegations of paragraph 20.

21.     Denied that paragraph 21 accurately summarizes the contents of the documents cited therein.  Moreover, the documents themselves will provide the best evidence of their

contents.  Accordingly, the allegations of paragraph 21 are denied.

22.    Denied that paragraph 22 accurately summarizes the contents of the document cited therein.  Moreover, the document itself will provide the best evidence of its contents.  Accordingly, the allegations of paragraph 22 are denied.

23.    Admit that Student was initially recommended for retention but would aver that Student ultimately met all requirements and was promoted.

24.    Denied.

25.    Admitted that there was an objection to retention of the Plaintiff in 2007 following the conclusion of the Plaintiff's second grade year.  However, the School Board would aver that based upon information and belief, the Plaintiff's grandmother "ghost writes" all such communications.  To the extent paragraph 25 implies that the mother comprehended the specific contents of the communication at issue, apart from her decision to object to retention of the Plaintiff, the School Board lacks knowledge and therefore denies any such allegation.  All other allegations are denied.

26.    Denied that paragraph 26 accurately quotes the contents of the letter cited therein.  Moreover, the document itself will provide the best evidence of its contents.  Accordingly, the allegations of paragraph 26 are denied.

27.    Without knowledge and therefore denied.  The School Board is in possession of an audiometric test report dated October 9, 2007.  The report is addressed to the School Board rather than Plaintiff's mother.

28.    Admitted that an Individualized Education Plan ("IEP") team meeting was held on March 3, 2008, related to the Plaintiff's eligibility for services and accommodations available under the IDEA, and that at that meeting, the Plaintiff's IEP team found the Plaintiff eligible for

such services and accommodations due to his hearing impairment. All other allegations are denied.

29.     Denied that paragraph 29 accurately summarizes the contents of the document cited therein.   Moreover, the document itself will provide the best evidence of its contents. Otherwise, without knowledge and therefore denied.

30.     Denied that paragraph 30 accurately summarizes the contents of the document cited therein.  Moreover, the document itself will provide the best evidence of its contents.  All other allegations are denied.

31.     Admitted that the Plaintiff's IEP team did not add an eligibility category to the Plaintiff's IEP.  Defendant would aver that issues warranting listing of an "executive function" category on the Plaintiff's IEP have not been identified and any such inference is specifically denied.  The School Board is unsure as to the Plaintiff's definition of "peer reviewed strategy instruction."  All other allegations are denied.

32.     Admitted that services and accommodations under the IDEA were generally provided to the Plaintiff in regular education settings.

33.     Admitted.

34.     Denied.

35.     Admitted that, at a May 25, 2010 IEP team meeting, the Plaintiff's IEP team determined that the Plaintiff should receive instruction in learning strategies/organizational skills/assistance in academics from the mainstream.  School Board would aver that the class was for only one period per day in an exceptional student education ("ESE") classroom.   School Board denies any implication that Student would be in a self-contained class for the entire school day.  All other allegations are denied.

36. Admitted that the IEP team's determination that the Plaintiff should receive instruction in the areas identified in paragraph 36 would have affected his ability to choose electives. School Board would aver that the IEP was developed to meet Student's educational needs. Such determination did not violate Section 504 or any other applicable law. All other allegations are denied.

37. Admitted that the Plaintiff's mother failed to attend the May 2010 meeting of The Plaintiff's IEP team. Without knowledge as to the scope of the mother's present disabilities, and without knowledge as to the scope of what the mother, specifically, has requested of the School Board with respect to coordination of IEP meetings or otherwise. However, the School Board would aver that based upon information and belief, the Plaintiff's grandmother "ghost writes" all such communications. To the extent paragraph 37 implies that the mother comprehended the specific contents of any communication regarding coordination of the IEP meetings, the School Board lacks knowledge and therefore denies any such mplication. All other allegations are denied.

38. Denied.

39. Denied.

40. Admitted that a complaint was filed with the Florida Department of Education ("FLDOE") on behalf of the Plaintiff's mother. However, the School Board lacks knowledge and therefore denies that the mother drafted the complaint. Upon information and belief, the Plaintiff's grandmother "ghost writes" all such communications. To the extent this paragraph implies that the Plaintiff's mother comprehended the specific contents of the complaint at issue, the School Board lacks knowledge and therefore denies any such allegation. All other allegations are denied.

41.     Admitted that, with regard to the complaint referenced in paragraph 40, FLDOE found in favor of the School Board and required no corrective action.

42.     Denied that paragraph 42 accurately summarizes the contents of the document cited therein.  Moreover, the document itself will provide the best evidence of its contents. Otherwise, without knowledge and therefore denied.

43.     Without knowledge and therefore denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Admitted that a letter dated August 18, 2010, which purports to be drafted by the Plaintiff's mother, states that consent for the Plaintiff's continued receipt of special education and related services under the IDEA is revoked.  However, the School Board lacks knowledge and therefore denies that the Plaintiff's mother drafts written communications that appear on their face to be sent to School Board agents or employees by the mother.  Upon information and belief, the Plaintiff's grandmother "ghost writes" all such communications.  To the extent this paragraph implies that the Plaintiff's mother comprehended the specific contents of the communication at issue, apart from her decision to revoke consent for the Plaintiff's continued receipt of special education and related services under the IDEA, the School Board lacks knowledge and therefore denies any such allegation.  All other allegations are denied.

48.     Admitted that a letter dated August 18, 2010, which purports to be drafted by the Plaintiff's mother, states that consent for the Plaintiff's continued receipt of special education and related services under the IDEA is revoked.  However, the School Board lacks knowledge and therefore denies that the Plaintiff's mother drafts written communications that appear on

their face to be sent to School Board agents or employees by the mother.  Upon information and belief, the Plaintiff's grandmother "ghost writes" all such communications.  To the extent this paragraph implies that the Plaintiff's mother comprehended the specific contents of the communication at issue, apart from her decision to revoke consent for the Plaintiff's continued receipt of special education and related services under the IDEA, the School Board lacks knowledge and therefore denies any such allegation.  All other allegations are denied.

49.    Admitted that none of the services or accommodations outlined in the letter described in paragraph 48 had been included by the Plaintiff's IEP team in his May 2010 IEP. The School Board lacks knowledge and therefore denies that the Plaintiff's mother drafted or comprehended the specific contents of the letter.  Upon information and belief, the Plaintiff's grandmother "ghost writes" communications that appear on their face to be sent by the mother to agents and employees of the School Board.  All other allegations are denied.

50.    Admitted that certain accommodations contained in the IEP were later requested; however,  School Board would aver that the IEP included, among other things, the following accommodations: services based on peer-reviewed research, to extent practicable; instruction in learning strategies/organizational skills/assistance with academics from the mainstream; assisted listening device; flexible timing/flexible setting/scheduling responding for all FCAT sections, Norm Referenced Test, and Classroom Assessments; minimize visual and/or auditory distracting stimuli; give preferential seating for eye contact; cueing student to stay on task; developing a monitoring system for in-class work and homework completion; breaking down lessons into smaller segments (giving directions, oral and written, in small distinct steps and giving extra cues/prompts including asking the Plaintiff to repeat the directions and to clarify questions to be sure he understands the assignment); use of assignment notebook, study guide and/or checklist to

organize classroom and homework assignments; use of modified assignments/classroom tests (extend time for completion of assignments and extend time for tests); providing structure schedule for assignment completion (pre-teach and tie new knowledge to previously learned skills). The School Board lacks knowledge and therefore denies that the Plaintiff's mother drafts written communications that appear on their face to be sent to School Board agents or employees by the mother. Upon information and belief, the Plaintiff's grandmother "ghost writes" all such communications. To the extent this paragraph implies that the Plaintiff's mother comprehended the specific contents of the communication at issue, the School Board lacks knowledge and therefore denies any such allegation. All other allegations are denied.

51.    Admitted that the School Board acquiesced in the Plaintiff's mother's request that the Plaintiff be reassigned from Griffin Middle School to Raa Middle School in August 2010. All other allegations are denied.

52.    Admitted.

53.    Admitted that the School Board has never specifically evaluated Student for eligibility under Section 504 exclusively. Denied that this constitutes a violation of Section 504 or any other statute. School Board would aver that the Student's 504 needs were a part of the IDEA process. All other allegations are denied.

54.    Admitted that the School Board has never developed a Section 504-exclusive plan for Student. Denied that this constitutes a violation of Section 504 or any other statute. School Board would aver that Student's Section 504 needs were a part of the IDEA process. All other allegations are denied.

55.    Admitted that the Plaintiff's grandmother (also referred to as "Mother's agent" herein) communicated with Raa Middle School on August 22, 2010 via email regarding her

perception of the Plaintiff's disabilities and needs. Denied that the Plaintiff's grandmother has accurately described the Plaintiff's disabilities and needs. All other allegations are denied.

56.     Denied that the School Board has, at any time, failed to provide Student with a necessary accommodation required by Section 504 or any other law. All other allegations are denied.

57.     Admitted that the School Board received a email dated September 28, 2010 relating to the Plaintiff that purports to be from the Plaintiff's mother. The School Board lacks knowledge and therefore denies that the Plaintiff's mother drafted the email. To the extent this paragraph implies that the Plaintiff's mother comprehended the specific contents of the communication at issue, the School Board lacks knowledge and therefore denies any such allegation. All other allegations are denied.

58.     Admitted that, by letter dated October 4, 2010, the School Board explained to the Plaintiff's mother that, pursuant to the Letter to McKethan opinion of the United States Department of Education ("USDOE"), Office of Civil Rights, the Plaintiff could not receive special education and related services under Section 504 because consent for equivalent services under the IDEA had been revoked.

59.     All allegations of paragraph 59 are denied. The School Board specifically denies that the School Board has, at any time, failed to provide the Plaintiff with a necessary accommodation required by Section 504 or any other law.

60.     Admitted that the School Board made a personal frequency modulation ("FM") system available to the Plaintiff. All other allegations are denied.

61.     Denied that the Plaintiff has at any point been required by the School Board to carry a personal FM system. Denied that classroom FM systems were available in all classrooms

in which the Plaintiff received instruction prior to sixth grade.  All other allegations are denied.

62.     Admitted that the Plaintiff did not regularly use the FM system.   All other allegations are denied.

63.     Denied.

64.     Admitted that the Plaintiff's year-end report card for the 2010-2011 academic year reflects a cumulative grade point average of 1.38.  The School Board specifically denies any implication that the Plaintiff's cumulative grade point average for the 2010-2011 academic year was causally connected to any failure by the School Board to provide Plaintiff with accommodations under Section 504.  All other allegations are denied.

65.     Denied that the School Board failed to provide the Plaintiff's teachers with necessary information concerning the scope of the Plaintiff's actual impairments or deficits. Denied that paragraph 65 accurately states the scope of the Plaintiff's impairments or deficits. All other allegations are denied.

66.     Admitted that on November 17, 2011, the Plaintiff's language arts teacher declined to permit the Plaintiff to submit assignments significantly past their due date.  Denied that the School Board has, at any time, failed to provide the Plaintiff with a necessary accommodation required by Section 504 or any other law.  All other allegations are denied.

67.     Admitted that the Plaintiff's year-end report card for the 2011-2012 academic year reflects that the Plaintiff received an F for the first grading period in his language arts class, followed by a D, a D, and a C in the second, third, and fourth grading periods respectively.  The School Board specifically denies any implication that the School Board has, at any time, failed to provide the Plaintiff with a necessary accommodation required by Section 504 or any other law, and, accordingly, specifically denies that the Plaintiff's language arts grades earned during the

2011-2012 were less than ideal due to any such failure.  All other allegations are denied.

68.     Admitted that the Plaintiff's year-end report card for the 2011-2012 academic year reflects a cumulative grade point average of 1.96.  The School Board specifically denies any implication that the School Board has, at any time, failed to provide the Plaintiff with a necessary accommodation required by Section 504 or any other law, and, accordingly, specifically denies that the Plaintiff's cumulative grade point average for the 2011-2012 academic year was causally connected to any such failure.  All other allegations are denied.

69.     Admitted that a State Board of Education rule, binding on the School Board, imposes the requirement of a 2.0 grade point average for graduation.

70.     Denied

71.     Admitted that a Level 1 FCAT score indicates performance below grade level.  All other allegations are denied.

72.     Admitted that by email dated August 14, 2011, the Plaintiff's grandmother sent the School Board a document purporting to be the results of an evaluation of the Plaintiff's hearing conducted by Audiology Associates on August 12, 2011.  Admitted that the School Board subsequently received a document purporting to be the results of an evaluation of the Plaintiff conducted by the Florida State University L.L. Schendel Speech and Hearing Clinic.  Without knowledge and therefore denied that reports were provided by mother.   All other allegations are denied.

73.     Admitted that the Plaintiff's mother consented to evaluation of the Plaintiff for eligibility under the IDEA in May or June 2012.  However, the School Board lacks knowledge and therefore denies that the Plaintiff's mother drafts written communications that appear on their face to be sent to School Board agents or employees by the mother.  Upon information and

belief, the Plaintiff's grandmother "ghost writes" all such communications. To the extent this paragraph implies that the Plaintiff's mother comprehended the specific contents of the communication at issue, apart from her decision to consent to revaluation of the Plaintiff for eligibility under the IDEA, the School Board lacks knowledge and therefore denies any such allegation. All other allegations are denied.

74.   The School Board lacks knowledge and therefore denies that the Plaintiff's mother drafts written communications that appear on their face to be sent to School Board agents or employees by the mother. Upon information and belief, the Plaintiff's grandmother "ghost writes" all such communications. To the extent this paragraph implies that the Plaintiff's mother comprehended the specific contents of the communication at issue, apart from her decision to consent to revaluation of Student for eligibility under the IDEA, the School Board lacks knowledge and therefore denies any such allegation. All other allegations are denied.

75.   Admitted that, by letter dated May 31, 2012, the School Board agreed to evaluate the Plaintiff for all suspected areas of disability. Admitted that the School Board enclosed with this letter a form to facilitate the Plaintiff's mother's request to consent for the School Board to evaluate the Plaintiff under the IDEA. Admitted that the School Board has never specifically evaluated Student for eligibility under Section 504 exclusively, but denied that this constitutes a violation of Section 504 or any other statute. All other allegations are denied.

76.   Admitted that the School Board received a consent for evaluation form that appears to be signed by the Plaintiff's mother and that is dated June 4, 2012. All other allegations are denied.

77.   Without knowledge and therefore denied.

78.   Without knowledge and therefore denied.

79.     Without knowledge and therefore denied.

80.     Admitted that the Plaintiff was assigned to intensive reading and mathematics classes by virtue of his Level 1 FCAT scores in these areas in 2012.  All other allegations are denied.

81.     Admitted that the Plaintiff's IEP team renewed the Plaintiff's eligibility for special education and related services in the category of hearing impairment on December 19, 2012, and that the evaluation of the Plaintiff's hearing described in the School Board's response to paragraph 72 above, and provided to the School Board in August 2011 by the Plaintiff's grandmother, was among the documents the Plaintiff's IEP team reviewed in making its determination.  All other allegations are denied.

82.     School Board would aver that the Plaintiff's grandmother requested, purportedly on behalf of the Plaintiff's mother, that the School Board provide an independent evaluation for a full NEPSY-II, the Test of Pragmatic Language, Social Thinking Assessment, a repeat of the full speech language evaluation including the GORT-V, and "maybe another writing test."  Admitted that on November 9, 2012, the School Board provided the Plaintiff's mother with a notice of refusal with respect to each of these tests; although, the School Board subsequently informed the Plaintiff's grandmother (who was at that point serving as counsel for the Plaintiff and the Plaintiff's mother) that the School Board would finance provision of the NEPSY-II, subject to certain reasonable parameters.  All other allegations are denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

## CAUSES OF ACTION

### COUNT ONE – DISCRIMINATION UNDER SECTION 504

87.     The School Board incorporates its responses to paragraphs 1 through 86 as if fully set forth herein.

88.     The statute referred to in paragraph 88 speaks for itself, and the School Board denies the allegations of paragraph 88 to the extent such allegations are inconsistent with that statute.  All other allegations are denied.

89.     Denied.

90.     Admitted that the School Board has never specifically evaluated Student for eligibility separately under Section 504.  School Board would aver that Section 504 evaluation were part of the IDEA process.  Denied that, as a result, the School Board has acted in a discriminatory manner or has otherwise violated Section 504 or any other state or federal law. All other allegations are denied.

91.     Denied that all reading and math interventions have been unsuccessful.  Denied that, as a result, the School Board has acted in a discriminatory manner or has otherwise violated Section 504 or any other state or federal law.  All other allegations are denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

COUNT TWO – RETALIATION UNDER SECTION 504/ADA

100.    The School Board incorporates its responses to paragraphs 1 through 99 as if fully set forth herein.

101.    The statute referred to in paragraph 101 speaks for itself, and the School Board denies the allegations of paragraph 101 to the extent such allegations are inconsistent with that statute.  All other allegations are denied.

102.    The statute and regulations referred to in paragraph 102 speak for themselves, and the School Board denies the allegations of paragraph 102 to the extent such allegations are inconsistent therewith.  All other allegations are denied.

103.    Admitted that the Plaintiff has some level of a hearing deficit.   All other allegations are denied.

104.    Admitted that the Plaintiff's year-end report card for the 2011-2012 academic year reflects a cumulative grade point average of 1.96.  The School Board specifically denies that the School Board has, at any time, failed to provide the Plaintiff with a necessary accommodation required by Section 504 or any other law, and, accordingly, specifically denies that the Plaintiff's cumulative grade point average for the 2011-2012 academic year was causally connected to any such failure.  All other allegations are denied.

105.    Admitted that the Plaintiff has not obtained a Level 3 on any components of the FCAT since 2008, and that the Plaintiff received a Level 1 on multiple components of the FCAT in 2012.  The School Board specifically denies that the School Board has, at any time, failed to provide the Plaintiff with a necessary accommodation required by Section 504 or any other law, and, accordingly, specifically denies that the Plaintiff's low FCAT scores are causally connected

to any such failure.  All other allegations are denied.

106.    Admitted that the Plaintiff was assigned to intensive reading and mathematics classes by virtue of his Level 1 FCAT scores in these areas in 2012.  All other allegations are denied.

107.    Admitted that on March 3, 2008, the Plaintiff's IEP team found him eligible for special education and related services under the IDEA.  All other allegations are denied.

108.    Admitted that on August 18, 2010, the Plaintiff's mother withdrew her consent for the Plaintiff's continued receipt of special education and related services under the IDEA.  The statute and regulations referred to in paragraph 108 speak for themselves, and the School Board denies the allegations of paragraph 108 to the extent such allegations are inconsistent therewith. All other allegations are denied.

109.    The School Board lacks knowledge and therefore denies that the Plaintiff's mother drafts written communications that appear on their face to be sent to School Board agents or employees by the mother.  Upon information and belief, the Plaintiff's grandmother "ghost writes" all such communications.  To the extent this paragraph implies that the Plaintiff's mother comprehended the specific contents of the communication at issue, apart from her decision to revoke consent for the Plaintiff's continued receipt of special education and related services under the IDEA, the School Board lacks knowledge and therefore denies any such allegation. All other allegations are denied.

110.    Denied.

111.    Admitted that the School Board was and is aware that the Plaintiff's mother revoked consent in 2010 for the Plaintiff's continued receipt of services and accommodations that would have otherwise been available to the Plaintiff under the IDEA.

112.    Admitted that the School Board has never separately evaluated Student for eligibility under Section 504. Such evaluation was a part of the IDEA process.  Denied that this constitutes a violation of Section 504 or any other statute.  All other allegations are denied.

113.    Denied.

114.    Denied that the School Board has failed to comply with any provisions of Section 504.  All other allegations are denied.

## COUNT THREE – RETALIATION UNDER IDEA

115.    The School Board incorporates its responses to paragraphs 1 through 114 as if fully set forth herein.

116.    Denied.

117.    Admitted that the Plaintiff's year-end report card for the 2011-2012 academic year reflects a cumulative grade point average of 1.96.  The School Board specifically denies that the School Board has, at any time, failed to provide the Plaintiff with a necessary accommodation required by Section 504 or any other law, and, accordingly, specifically denies that the Plaintiff's cumulative grade point average for the 2011-2012 academic year was causally connected to any such failure.  All other allegations are denied.

118.    Admitted that the Plaintiff has not obtained a Level 3 on any components of the FCAT since 2008, and that the Plaintiff received a Level 1 on multiple components of the FCAT in 2012.  The School Board specifically denies that the School Board has, at any time, failed to provide the Plaintiff with a necessary accommodation required by Section 504 or any other law, and, accordingly, specifically denies that the Plaintiff's low FCAT scores are causally connected to any such failure.  All other allegations are denied.

119.    Admitted that the Plaintiff was assigned to intensive reading and mathematics

classes by virtue of his Level 1 FCAT scores in these areas in 2012.  All other allegations are denied.

120.    Admitted that on March 3, 2008, the Plaintiff's IEP team found him eligible for special education and related services under the IDEA.  All other allegations are denied.

121.    Admitted that on August 18, 2010, the Plaintiff's mother withdrew her consent for the Plaintiff's continued receipt of special education and related services under the IDEA.  The statute and regulations referred to in paragraph 108 speak for themselves, and the School Board denies the allegations of paragraph 108 to the extent such allegations are inconsistent therewith. All other allegations are denied.

122.    The School Board lacks knowledge and therefore denies that the Plaintiff's mother drafts written communications that appear on their face to be sent to School Board agents or employees by the mother.  Upon information and belief, the Plaintiff's grandmother "ghost writes" all such communications.  To the extent this paragraph implies that the Plaintiff's mother comprehended the specific contents of the communication at issue, apart from her decision to revoke consent for the Plaintiff's continued receipt of special education and related services under the IDEA, the School Board lacks knowledge and therefore denies any such allegation. All other allegations are denied.

123.    The School Board lacks knowledge and therefore denies that the Plaintiff's mother drafts written communications that appear on their face to be sent to School Board agents or employees by the mother.  Upon information and belief, the Plaintiff's grandmother "ghost writes" all such communications.  To the extent this paragraph implies that the Plaintiff's mother comprehended the specific contents of the communication at issue, apart from her decision to revoke consent for the Plaintiff's continued receipt of special education and related services

under the IDEA, the School Board lacks knowledge and therefore denies any such allegation. All other allegations are denied.

124.    Admitted that the School Board was and is aware that the Plaintiff's mother revoked consent in 2010 for the Plaintiff's continued receipt of services and accommodations that would have otherwise been available to the Plaintiff under the IDEA.

125.    Admitted that the School Board has never separately evaluated Student for eligibility under Section 504.  Such evaluation was part of the IDEA process.  Denied that this constitutes a violation of Section 504 or any other statute.  All other allegations are denied.

126.    Denied.

127.    Denied that the School Board has failed to comply with any provisions of Section 504.  All other allegations are denied.

## REQUESTS FOR RELIEF

128.    Denied that the School Board has violated Section 504 or the ADA, and, therefore, denied that the Plaintiff is entitled to the relief requested in paragraph 128.

129.    Denied that the School Board has violated any of the statutes cited in the Complaint or that, in any event, the relief requested in paragraph 129 is authorized thereby, and, therefore, denied that the Plaintiff is entitled to the relief requested in paragraph 129.

130.    Denied that the School Board has violated any of the statutes cited in the Complaint or that, in any event, the relief requested in paragraph 130 is authorized thereby, and, therefore, denied that the Plaintiff is entitled to the relief requested in paragraph 130.

131.    Denied that the School Board has violated any of the statutes cited in the Complaint or that, in any event, the relief requested in paragraph 131 is authorized thereby, and, therefore, denied that the Plaintiff is entitled to the relief requested in paragraph 131.

132.    Denied that the School Board has violated any of the statutes cited in the Complaint or that, in any event, the relief requested in paragraph 132 is authorized thereby, and, therefore, denied that the Plaintiff is entitled to the relief requested in paragraph 132.

133.    Denied that the School Board has violated any of the statutes cited in the Complaint or that, in any event, the relief requested in paragraph 133 is authorized thereby, and, therefore, denied that the Plaintiff is entitled to the relief requested in paragraph 133.

134.    Denied that the School Board has violated any of the statutes cited in the Complaint, and, therefore, denied that the Plaintiff is entitled to the relief requested in paragraph 134.

135.    Denied that the School Board has violated any of the statutes cited in the Complaint, and, therefore, denied that the Plaintiff is entitled to the relief requested in paragraph 135.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted, in whole or in part, under the IDEA, Section 504, or the ADA.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent the alleged violations of the IDEA occurred more than 2 years before the date the parent or public agency knew or should have known about the alleged action that forms the basis of the claims.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff has failed to satisfy conditions precedent to suit or failed to exhaust administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they are based on events that occurred beyond the time periods of the applicable statutes of limitation.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover compensatory damages under the ADA or Section 504 because the School Board, at all times, acted in a good faith attempt to comply with the applicable law.

## SIXTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's claims under the ADA and Section 504, the School Board is not required to take any actions that would fundamentally alter the service, program or activity at issue or which would otherwise result in undue financial and administrative burdens.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff took any actions or made any statements reflecting an intent to relinquish or disclaim any right or entitlement under the IDEA, Section 504, or the ADA, Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

The School Board has, at all times, complied with the requirements of the IDEA, Section 504, and the ADA.

## NINTH AFFIRMATIVE DEFENSE

All actions of the School Board were taken for legitimate, nondiscriminatory, and nonretaliatory reasons and were the result of the Defendant's best judgment.

## TENTH AFFIRMATIVE DEFENSE

The School Board's decision to decline to offer FAPE under Section 504 after Mother revoked consent for the provision of FAPE under the IDEA cannot constitute discrimination

because the practice was sanctioned by the United States Department of Education ("USDOE") Office of Civil Rights, the agency charged with implementing the IDEA and Section 504.

### ELEVENTH AFFIRMATIVE DEFENSE

The federal rules purporting to implement a free appropriate public education ("FAPE") requirement under Section 504 are invalid because they exceed the authority delegated to Congress by the USDOE. Accordingly, the School Board cannot be liable to the extent Plaintiff's claims are based on the School Board's failure to provide FAPE under Section 504 after Mother revoked consent for the provision of FAPE under the IDEA.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was not denied participation in programs or activities or otherwise denied benefits of FAPE on the basis of a disability.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his claim for compensatory education.

### FOURTEENTH AFFIRMATIVE DEFENSE

The School Board is not liable for compensatory education or any other form of monetary damages because the School Board did not engage in intentional wrongful conduct or act with reckless or callous disregard of or deliberate indifference to the rights of Plaintiff. All actions by the School Board were taken for non-discriminatory reasons. Any perceived discrimination was unintentional.

### FIFTEENTH AFFIRMATIVE DEFENSE

Damages, if any, were the result of the action, inaction, or negligence of the Plaintiff or agents of the Plaintiff purporting to act on his behalf, including, but not limited to, Mother and Mother's agent/The Plaintiff's grandmother.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any injury attributable to any wrongful conduct of the School Board.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The School Board reserves the right to assert further affirmative defenses as they become apparent through discovery or investigation.

DATED this <u>16th</u> day of January, 2014.

Respectfully submitted,

<u>/s/ Deborah S. Minnis</u>
DEBORAH S. MINNIS
Florida Bar No.: 0466778
ERIK M. FIGLIO
Florida Bar No.: 0745251
Ausley & McMullen, P.A.
Post Office Box 391
Tallahassee, FL  32301
(850) 224-9115
dminnis@ausley.com
rfiglio@ausley.com

ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

CM/ECF this <u>16th</u> day of January, 2014 to:

Rosemary Palmer
5260 Pimlico Drive
Tallahassee, FL  32309
floridalawlady@gmail.com

*/s/ Deborah S. Minnis*
Attorney