IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

D.F., by L.M.P., )
)
          Plaintiff, )
)
v. )   Case No. 4:13-cv-00003-RH-CAS
)
LEON COUNTY SCHOOL BOARD, )
)
)
          Defendant. )
_____)

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO PROHIBIT PLAINTIFF'S COUNSEL FROM DIRECTLY CONTACTING AND COMMUNICATING WITH THE DEFENDANT'S CURRENT OFFICERS AND EMPLOYEES WITHOUT THE KNOWLEDGE AND CONSENT OF DEFENDANT'S COUNSEL

Defendant Leon County School Board ("School Board"), by and through its undersigned counsel and pursuant to Local Rules 7.1 and 11.1, requests this Court enter an order prohibiting counsel for the Plaintiff, Rosemary Palmer,[1] from directly contacting and communicating with officers and employees of the School Board about matters germane to this litigation without the knowledge and consent of counsel for the School Board. In support of this motion, the School Board states as follows:

      1.     Rule 4-4.2 of the Rules Regulating the Florida Bar generally prohibits a lawyer from communicating about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer. The comment to the rule explains that "[i]n the case of a represented organization, this

---

[1] This motion is directed only to the Plaintiff's primary counsel, Ms. Rosemary Palmer. Relief against the Plaintiff's pro bono trial counsel, Mr. Shyamie Dixit, is not necessary or appropriate. The undersigned has no reason to believe that Mr. Dixit has done anything improper or unethical in furtherance of his representation of the Plaintiff.

1

rule prohibits communications with a constituent of the organization . . . whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability." R. Reg. Fla. Bar 4-4.2 comment. The only exception to the rule arises in the narrow circumstance, not applicable here, where direct notice of service of process is required by court rule, statute, or contract.

2. Ms. Palmer has violated this rule on a number of occasions by attempting to communicate directly with the Plaintiff's teachers and other employees of the School Board who possess information relevant to the pending lawsuit. There can be little doubt that D.F.'s teachers constitute "constituents" of the School Board for purposes of Rule 4-4.2 because their acts or omissions in connection with the School Board's delivery of special education and related services and accommodations may be imputed to the School Board for purposes of civil liability. See R. Reg. Fla. Bar 4-4.2 comment.

3. Ms. Palmer has violated the rule both through direct, face-to-face interaction with School Board employees and through direct written communication with School Board employees. Most recently, on September 18, 2014, counsel for the Plaintiff attended an open house at Leon High School, at which she approached several of Plaintiff's current teachers and initiated communications directly relevant to some of the principal issues in this case, i.e., the scope of D.F.'s disabilities and D.F.'s needs with respect to disability accommodations.

4. For example, Ms. Palmer engaged D.F.'s history teacher, Kate Davis, without introducing herself as D.F.'s attorney. Affidavit of Kate Davis, attached as Exhibit A. Ms. Palmer represented to Ms. Davis that D.F. "generously reads on a seventh grade level" and that, although D.F. was almost fully deaf, D.F. was embarrassed about using the hearing accommodation provided to him at Leon High School. Id. Ms. Palmer then informed Ms. Davis

2

of a specific, alternative type of hearing accommodation and inquired about whether it could be used in Ms. Davis's classroom. Id.

4. Similarly, Ms. Palmer engaged Jeremy Lynch, D.F.'s Exceptional Student Education ("ESE") Learning Strategies teacher, without identifying herself as an attorney representing D.F. Affidavit of Jeremy Lynch, attached as Exhibit B. Ms. Palmer asked Mr. Lynch how D.F. would be helped by the Learning Strategies class and volunteered that D.F. does not always request help when he needs it. Id.

5. These communications with Ms. Davis and Mr. Lynch were unquestionably relevant to the pending litigation, which concerns the scope of D.F.'s disabilities and whether the School Board has deprived D.F. of reasonable accommodations.

6. Ms. Palmer's interactions with employees of the School Board regarding matters germane to the pending litigation, such as her communications with Ms. Davis and Mr. Lynch detailed above, violate the letter and purpose of Rule 4-4.2. The intent of the rule, which is made applicable in this Court pursuant to Local Rule 11.1(E)(1), is to protect a represented party "against possible overreaching by other lawyers who are participating in the matter, interference by those lawyers with the client-lawyer relationship, and the uncounseled disclosure of information relating to the representation." Ms. Palmer's conduct described above has made it impossible for the School Board's counsel to guard against potential overreaching by Ms. Palmer or uncounseled disclosure of information relevant to the litigation.

7. This motion was not filed earlier in the litigation because, until very recently, the undersigned believed that Ms. Palmer, after considerable discussion between counsel, had ultimately decided to cease communicating directly with current School Board employees about matters relevant to the pending litigation. However, Ms. Palmer's conduct on September 18,

2014, and her subsequent response to counsel set forth below, make clear that a dispute continues to exist between the parties that necessitates Court intervention.

## RULE 7.1(B) CONFERENCE

In accordance with Local Rule 7.1(B), undersigned counsel conferred in good faith with counsel for the Plaintiff. The undersigned is authorized to represent that the Plaintiff's pro bono trial counsel, Mr. Dixit, takes no position on the ground that the motion does not relate to him. Ms. Palmer has stated her position as follows:

> It seems to me that what you are really seeking is declaratory relief that LCSB is allowed to prohibit me from acting as parents' agent/surrogate as required to accommodate their disabilities, and as guardian (as I am presently for [another student], who lives with us), and whether the rules of professional responsibility preclude me from doing so, and whether the First Amendment protects such petitioning of government.
>
> LCSB is allowed to seek an attorney general's opinion on those points, but hasn't done so.
>
> Nevertheless I have not violated the rules. I have not spoken with any known witnesses about any existing litigation.
>
> The only question I recall asking [D.F.'s] LS teacher is whether the students in [D.F.'s] class used Plato? And I did so because it was written on the board that the class did. (He said that others in the class of all 11th and 12th graders except [D.F.]) did, but not [D.F.].
>
> You must be aware that OCR has called banning email and refusing to respond to those engaged in protected activity to be retaliatory.
>
> I cannot therefore do anything but oppose your proposed motion.

WHEREFORE, the School Board respectfully requests that the Court enter an order prohibiting Ms. Rosemary Palmer from contacting and communicating with officers and employees of the School Board about matters germane to this case without the knowledge and consent of counsel for the School Board.

4

DATED this 1st day of October, 2014.

                                      Respectfully submitted,

                                      /s/ Erik M. Figlio
                                      DEBORAH S. MINNIS
                                      Florida Bar No.: 0466778
                                      ERIK M. FIGLIO
                                      Florida Bar No.: 0745251
                                      Ausley & McMullen, P.A.
                                      Post Office Box 391
                                      Tallahassee, FL 32301
                                      (850) 224-9115
                                      dminnis@ausley.com
                                      rfiglio@ausley.com
                                      ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF this 1st day of October, 2014 to:

Rosemary Palmer
5260 Pimlico Drive
Tallahassee, FL 32309
floridalawlady@gmail.com

                                      /s/ Erik M. Figlio
                                      Attorney

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

D.F., by L.M.P., )
)
        Plaintiff, )
)
v. ) Case No. 4:13-cv-00003-RH-CAS
)
LEON COUNTY SCHOOL BOARD, )
)
)
        Defendant. )
_____)

### AFFIDAVIT OF KATE DAVIS

**STATE OF FLORIDA**
**COUNTY OF LEON**

BEFORE ME, the undersigned authority, personally appeared **KATE DAVIS**, who was duly sworn and says:

1. My name is Kate Davis. I am employed by Leon County Schools as a school teacher. Currently, I teach Social Studies at Leon High School in Tallahassee, Florida.

2. The plaintiff in this case, identified by the initials D.F., is currently enrolled in my fifth period World History class.

3. I am also familiar with Rosemary Palmer, the attorney for the plaintiff in this case. I met Ms. Palmer on September 18, 2014 at an open house held by my school.

4. Initially, Ms. Palmer did not identify herself but merely told me that she was with D.F. She proceeded to tell me that D.F. was hard of hearing and that he "generously reads on a seventh grade level."

5. She also told me that D.F. was almost fully deaf but was embarrassed about using the hearing accommodation the school provides for him. She then told me about a specific type of



hearing system and inquired about whether I could get the system for my classroom.

FURTHER AFFIANT SAYETH NOT.

DATED this 1st day of October, 2014.

_____
KATE DAVIS

SWORN AND SUBSCRIBED in my presence this 1st day of October, 2014.

_____
NOTARY PUBLIC

My Commission Expires: August 7, 2015

Personally known: ✓
Provided I.D.: ✓  Drivers License

AMANDA TEASE
Commission # EE 119706
Expires August 7, 2015
Bonded Thru Troy Fain Insurance 800-385-7019

2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

D.F., by L.M.P.,                )
                                )
            Plaintiff,          )
                                )
v.                              )   Case No. 4:13-cv-00003-RH-CAS
                                )
LEON COUNTY SCHOOL BOARD,       )
                                )
                                )
            Defendant.          )
_____)

### AFFIDAVIT OF JEREMY LYNCH

**STATE OF FLORIDA**
**COUNTY OF LEON**

BEFORE ME, the undersigned authority, personally appeared **JEREMY LYNCH**, who was duly sworn and says:

1. My name is Jeremy Lynch. I am employed by Leon County Schools as a school teacher. Currently, I teach Exceptional Student Education ("ESE") at Leon High School in Tallahassee, Florida.

2. The plaintiff in this case, identified by the initials D.F., is currently enrolled in my Learning Strategies class.

3. I am also familiar with Rosemary Palmer, the attorney for the plaintiff in this case. I met Ms. Palmer on September 18, 2014 at an open house held by my school.

4. Ms. Palmer came to my room during the open house and introduced herself as affiliated with D.F. She then asked me how D.F. would be helped in my class and volunteered that D.F. does not always ask for help when he needs it. Ms. Palmer did not introduce herself as an attorney before questioning me about D.F.


EXHIBIT B

FURTHER AFFIANT SAYETH NOT.

DATED this 1st day of October, 2014.

                                              _____
                                              JEREMY LYNCH

SWORN AND SUBSCRIBED in my presence this 1st day of October, 2014.

                                              _____
                                              NOTARY PUBLIC

My Commission Expires: August 7, 2015

Personally known: ✓
Provided I.D.:

AMANDA TEASE
Commission # EE 119706
Expires August 7, 2015
Bonded Thru Troy Fain Insurance 800-385-7019